# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| THE JACKSON GROUP, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO. 1:11-cv-1104-WTL-DKL |
| ) | |
| TOUCH POINT ONE, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER GRANTING MOTION TO REMAND

This cause is before the Court on the motion of Plaintiff The Jackson Group, LLC, seeking to remand this case to the Marion County Superior Court because it believes removal was improper. The motion is fully briefed and the Court, being duly advised, **GRANTS** the Plaintiff's motion for the reasons set forth below.

The Plaintiff filed this case in state court. Its original complaint asserted several causes of action, including claims pursuant to the Lanham Act, 15 U.S.C. § 1117. Apparently remaining in state court was more important to the Plaintiff than its Lanham Act claims, however, because once the Defendants notified it that they intended to remove the case to federal court, the Plaintiff promptly amended its complaint to remove all of the federal claims.

The allegations in the amended complaint are lengthy and the details are largely irrelevant to the issue now before the Court. Suffice it to say that the Plaintiff alleges that Defendant Dean Weathers quit his job as its Chief Information Officer after setting up a competing business and stealing one of the Plaintiff's customers, Defendant Convergent Resources, Inc. ("Convergent"). The Plaintiff further alleges that it had an exclusive license for "Acuity" software owned by Defendant Touch Point One, LLC ("Touch Point") and that

Weathers conspired with Touch Point to allow Weathers' new company to provide the Acuity software to Convergent.[1] The Plaintiff also asserts that Weathers continues to use its confidential information, including customer lists, to compete with the Plaintiff and steal its customers and continues to use the Jackson name and the goodwill associated with it to promote his competing business. The amended complaint contains the following causes of action: breach of fiduciary duty (against Weathers); fraudulent inducement (against Weathers); civil conspiracy (against all Defendants); misappropriation of trade secrets and confidential and proprietary information (against all Defendants); conversion (against all Defendants); unfair competition (against all Defendants); tortious interference with existing contracts and prospective business relationships (against Weathers and Touch Point); breach of contract (against Touch Point); and breach of contract (against Convergent).

Despite the fact that the amended complaint asserts only state-law claims, Convergent removed the case to this Court asserting that federal question jurisdiction exists.[2] The Plaintiff now moves to remand, arguing that this case lacks jurisdiction over this case. The Court agrees.

Pursuant to 28 U.S.C. § 1441(a), removal was appropriate if the Plaintiff properly could have filed the amended complaint in federal court "as a civil action 'arising under the Constitution, laws, or treaties of the United States." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manuf.*, 545 U.S. 308, 312 (2005) (quoting 28 U.S.C. § 1331). The

---

[1] The Plaintiff asserts that one of Touch Point's owners was a senior executive of Convergent who stood to gain financially if Touch Point's Acuity software was provided to Convergent by Weathers rather than the Plaintiff because Weathers "undoubtedly had an agreement to share any royalties received with Touch Point."

[2] The other Defendants have since filed consents to the removal.

Defendants, as the removing parties, have the burden of establishing the existence of federal jurisdiction. *See Schur v. L.A. Weight Loss Centers, Inc.,*, 577 F.3d 752, 758 (7th Cir. 2009). "[F]ederal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Id.*

Convergent argues that the exercise of federal jurisdiction over this case is appropriate because resolution of the Plaintiff's claims will depend upon the interpretation of federal statutes, specifically the Lahnham Act and/or the Copyright Act. Specifically, Convergent points to the Plaintiff's contract claim against Convergent and argue that resolution of that claim hinges upon whether the Plaintiff's trademarks and/or copyrights were infringed. It bases this argument on the fact that one of the contract terms the Plaintiff alleges Convergent breached provided that Convergent would not "permit any third party to violate The Jackson Group's intellectual property rights." The Court agrees with the Plaintiff that the fact that this contract term involves intellectual property rights does not convert what is a state breach of contract case into a federal infringement case. The fact that some issue of federal law is involved in a case does not necessarily confer federal jurisdiction; "[i]nstead, the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 314 (2005). In this case, Convergent has not demonstrated that there are any "actually disputed and substantial" federal issues regarding the alleged violation of the Plaintiff's intellectual property rights. Essentially, Convergent argues that because the facts alleged by the Plaintiff *could* support a federal claim for trademark infringement, this is a federal case in

3

disguise. It is not. Rather, it is a case asserting claims under state law–and seeking remedies under state law[3]–that may involve some peripheral issues of federal law. Therefore, the case belongs in state court.

For the reasons set forth above, the Plaintiff's motion to remand is **GRANTED** and this case is **ORDERED REMANDED** to the Marion County Superior Court. **As required by 28 U.S.C. § 1447(c), the Clerk shall mail a certified copy of this remand order to the Clerk of the Marion County Superior Court.**

SO ORDERED: 10/06/2011

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification

---

[3]Convergent points to the fact that the Plaintiff seeks treble damages, a remedy that is available under the Lanham Act. As the Plaintiff point out, the remedy also is available in a claim for misappropriation of trade secrets under Indiana law.